IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                  No. CR 10-2995 JB

CORINA MARTINEZ LOVATO
also known as CORINA LOVATO,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Sentencing Memorandum, filed April 13, 2011 (Doc. 11); and (ii) the Defendant's Supplemental Request for Variance, filed May 4, 2011 (Doc. 12). The Court held a sentencing hearing on May 11, 2011. The primary issues are: (i) whether the Court should grant Defendant Corina Martinez Lovato a variance downward because of her severe mental health problems, precarious physical health, and childhood trauma; and (ii) whether Lovato's criminal history is overrepresented in her Presentence Investigation Report ("PSR"). The Court sentences Lovato to five-years probation with a period of 8-months home confinement with electronic monitoring.

On November 12, 2010, Lovato pled guilty to an Information charging Concealment of an Event Affecting Right to Receive SSI Benefits, in violation of 42 U.S.C. § 1383(a)(3). The United States Probation Office ("USPO") disclosed a PSR for Lovato on February 25, 2011. In the PSR, the USPO calculated Lovato's offense level to be 10 and her criminal history category to be V, establishing a guideline imprisonment range of 21 to 27 months. There being no objections to the PSR's factual findings and sentencing calculations, the Court adopts them as its own.

Lovato contends that her criminal history is overrepresented in the PSR and requests that the

Court grant her a downward departure. Lovato also requests that the Court vary downward because of her severe mental health problems, precarious physical health, and childhood trauma. Lovato requests that the Court sentence her to probation. The United States does not oppose Lovato's requests, and concurs with her request for a sentence of probation, because it believes it is better to have Lovato on probation paying restitution than to have her imprisoned consuming more resources.

Lovato has a total of twelve criminal history points, placing her in criminal history category V. All but one of those points result from convictions for felony offenses committed in 1985 for check fraud, 1988 for forgery, and 1994 for cocaine distribution. Since her release from prison in 2000, she has been convicted of four petty offenses, all of which appear to have been alcohol related. See PSR ¶¶ 31-33, 38. The Court may depart downward from a defendant's criminal history category if it concludes that the category "substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b). While the Court is concerned about the number of Lovato's arrests, most people that the Court sees with a criminal history category V have more recent and more serious criminal histories. Because Lovato's criminal history is largely old -- primarily occurring between more than fifteen and twenty-five years ago -- the Court concludes that her criminal history is significantly overrepresented in the PSR, and the Court will depart downward to a criminal history category of IV. An offense level of 10 and a criminal history category IV yield a guideline sentencing range of 15 to 21 months.

The Court will vary downward, treating Lovato's offense level like a 7, which would place her in Zone B, and make her eligible for a sentence of probation. "Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and

distinguish the case from the typical cases covered by the guidelines."   U.S.S.G. § 5H1.3. Additionally, "[p]hysical condition or appearance, including physique, may be relevant in determining whether a departure is warranted." U.S.S.G. § 5H1.4.  Lovato is a forty-eight year old mentally ill woman with numerous physical impairments and a traumatic childhood.  There is some dispute whether Lovato's diagnosis should be schizophrenia, post-truamatic stress disorder, or generalized anxiety disorder, but she suffers from anxiety, antisocial behavior, and paranoia, and she has been receiving SSI benefits since at least 1994 based on her mental disability and her inability to engage in gainful employment.  Lovato has rheumatoid arthritis.  Her mother was an alcoholic who abandoned her when she was very young.  Her father was an alcoholic who beat her and her siblings, and Lovato spent time in a foster home when she was twelve-years-old.  The Court believes these circumstances, while not so extraordinary to warrant another departure, warrant a variance from the advisory sentencing guideline sentence to a range that is equivalent to one with an adjusted offense level reduction of three levels.  An offense level of 7 and a criminal history of IV produces a guideline sentence of 8 to 14 months, and would make Lovato eligible for a sentence of probation.

The Court notes that Lovato concealed that she was married, an event that affected her SSI benefits.  The Court believes a sentence of five-years probation with a period of 8-months home confinement with electronic monitoring is appropriate in this case.  The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals.  The Court believes a sentence of five-years probation with a period of 8-months home confinement with electronic monitoring adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a).  While the

-3-

Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable and more so than one within the sentencing guideline range.  Finally, the Court believes Lovato's criminal history is adequately reflected in this sentence, and that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987.

   **IT IS ORDERED** that the Court sentences Defendant Corina Martinez Lovato to five-years probation with a period of 8-months home confinement with electronic monitoring.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
   United States Attorney
Albuquerque, New Mexico

-- and --

Mark A. Saltman
   Assistant United States Attorney
Las Cruces, New Mexico

   *Attorneys for the Plaintiff*

Darcy Blue Riley
   Assistant Federal Public Defender
Federal Public Defender's Office
Las Cruces, New Mexico

   *Attorney for the Defendant*